UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM NICODEMUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16 C 6968 |
| ) | |
| LIFE INSURANCE COMPANY OF ) | Judge Rebecca R. Pallmeyer |
| NORTH AMERICA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff William Nicodemus was employed by Sears Holding Company until he became disabled in March 2015. In this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, Nicodemus alleged that he was entitled to disability benefits under Sears's long-term disability insurance policy, administered by Defendant Life Insurance Company of North America ("LINA"). After he filed suit, LINA conceded; it approved Nicodemus's claim and sent him a check for past-due benefits and interest. LINA then moved for dismissal of this case as moot. Nicodemus contends LINA has paid, and continues to pay, less than the amounts he is entitled to collect. In response, LINA argues that this claim is not properly before the court because Nicodemus has not yet exhausted his remedies under the policy review process. For the reasons that follow, the court agrees that Nicodemus must first seek internal review of his underpayment claim.

## BACKGROUND

The following is taken from Nicodemus's Complaint, which is taken as true for purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Nicodemus is a resident of Chicago, Illinois. (Compl. [1], at ¶ 6.) Until March 2015, he was employed by Sears Holdings Management Corporation in an unidentified position. (*See*

Compl. ¶ 8.) Nicodemus was covered by a long-term disability insurance policy issued to Sears by LINA. (Compl. ¶¶ 7–8.) Under the terms of that policy, LINA would pay 60% of Nicodemus's "Covered Monthly Earnings" in the event he became disabled for more than 140 days. (Compl. ¶¶ 8–9.) Covered Monthly Earnings under the plan are defined as 120% of an employee's wages or salary, rounded to the next $1,000 increment. (Compl. ¶ 10.)

Nicodemus stopped working in March 2015 due to McCardle's disease, a type of muscular dystrophy. (Compl. ¶¶ 14, 20.) Since then, he has been unable to return to work. (Compl. ¶ 15.) Nicodemus submitted a claim to LINA, supported by his treating physicians, and he contends that LINA should have begun paying disability benefits on August 10, 2015. (Compl. ¶ 16.) Instead, LINA denied the claim on September 18, 2015. (*See* Compl. ¶ 17.) Nicodemus submitted an administrative appeal to LINA on March 7, 2016 (Compl. ¶ 18), including additional supporting medical records and findings from Dr. Teepu Siddique (Compl. ¶¶ 19–20), and Dr. Vicki Samuels. (Compl. ¶¶ 21–22.) Though LINA was required by Department of Labor Regulations to answer the appeal within 45 days, the company did not respond. (Compl. ¶ 33); 29 C.F.R. § 2560.503–1(i)(3)(i).

Nicodemus filed suit on July 5, 2016, claiming breach of a covered plan in violation of the Employment Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1132(a). Nicodemus contends that he is owed $6,000 per month, based on his Covered Monthly Earnings of $10,000. (Compl. ¶¶ 9–11.) He demanded unpaid disability benefits, reasonable attorneys' fees, and pre- and post-judgment interest. (Compl., "Prayer for Relief.")

At some point after the litigation commenced, LINA decided to approve Nicodemus's claim for long-term disability benefits (Decl. of Lisa Mekkelsen, Ex. A to Def.'s Mem. of Law in Supp. of Mot. to Dismiss [14-1], at ¶ 5), and on October 12, 2016, sent Nicodemus a check for $75,600: benefits from August 10, 2015 to October 12, 2016 at $5,400 per month, plus interest at the rate of 3.5%. (*See id.* at ¶ 6.) LINA then moved to dismiss this action as moot. (Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction [13].) Nicodemus argues that the action

is not moot because he is entitled to $6,000 per month, not $5,400; that he is entitled to the rate of interest that LINA earned on the money while the company refused to pay him; and that he continues to seek equitable relief, in the form of a declaratory judgment, "surcharge, make-whole relief, and disgorgement." (Pl.'s Resp. to Def.'s Mot. to Dismiss for Failure to Exhaust [hereinafter "Pl.'s 2d Resp."] [28], at 4–5.) LINA moved to dismiss Nicodemus's claim for greater monthly benefits, claiming that this factual theory requires exhaustion within LINA's administrative process [23]. For the following reasons, LINA's motion to remand [23] is granted, and the first motion to dismiss [13] is stricken.

## DISCUSSION

ERISA requires covered employee-benefit plans to establish claims procedures by which any participant whose claim is denied can receive a "full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133. Regulations promulgated by the Department of Labor add significant detail to these statutory requirements. 29 C.F.R. § 2560.503–1. The Seventh Circuit has interpreted ERISA, consistent with Congress' intent in establishing administrative procedures under the Act, to require plaintiffs to exhaust their administrative remedies before bringing suit. *Schorsch v. Reliance Life Ins. Co.*, 693 F.3d 734, 739 (7th Cir. 2012). Exhaustion assists the court by requiring parties "'to develop a full factual record' and by enabling the court to 'take advantage of agency expertise.'" *Edwards v. Briggs & Stratton Ret. Plan*, 639 F.3d 355, 361 (7th Cir. 2011). Courts may excuse a failure to exhaust "where there is a lack of meaningful access to review procedures, or where pursuing internal plan remedies would be futile." *Id.* To invoke the futility exception, however, "a plaintiff must show that 'it is certain that [his] claim will be denied on appeal, not merely that [he] doubts that an appeal will result in a different decision.'" *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996) (quoting *Smith v. Blue Cross & Blue Shield United of Wis.,* 959 F.2d 655, 659 (7th Cir. 1992)).

Nicodemus has exhausted his administrative remedies regarding his right to benefits, and given the result of his earlier exhaustion effort, his resistance to reopening this process is understandable. But he has not formally sought review of the amount of benefits that he should receive. The factual basis for his claimed amount was not addressed in the administrative process; as he himself notes, there is a "dearth of supporting documentation" for LINA's calculation in his claim file, and he reportedly has begun contacting his employer to investigate the discrepancy. (Pl.'s 2d Resp. 2 n.2.) The court believes it is appropriate to develop the factual record on the amount of benefits, and perhaps resolve the issue, through the administrative process.

Nicodemus believes exhaustion would be futile, but the court is less pessimistic. Though LINA has ignored Nicodemus's claims before, it appears that litigation has encouraged LINA to comply with its claim procedures, as demonstrated by the fact that LINA was prompted by this lawsuit to resolve the larger question of whether Nicodemus is entitled to benefits at all.

Nicodemus also argues that he is seeking a declaratory judgment that Lina's procedures fail to comply with 29 U.S.C. § 1132(a)(3), as well as other equitable relief such as surcharge, which is not moot and which, he contends, the court must address. (Pl.'s 2d Resp. 4–5). But his complaint in its current form does not technically present a request for equitable relief; the complaint simply observes that "29 U.S.C. §§1132(a) is the enforcement mechanism permitting Mr. Nicodemus . . . to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement." (Compl. ¶ 52; *see also* Complaint, "Prayer for Relief.") The court need not at this time resolve whether the equitable relief requested in Nicodemus's motion is duplicative of legal relief. *Cf. Silva v Metropolitan Life Ins. Co.*, 762 F.3d 711, 727 (8th Cir. 2014) ("At summary judgment, a court is better equipped to assess the likelihood for duplicate recovery, analyze the overlap between claims, and determine whether one claim alone will provide the plaintiff with 'adequate relief.'")

The necessity of remand, however, is unchanged: the central question of how much Nicodemus is owed, monthly, has not been exhausted.

LINA's second motion to dismiss [23] is granted in part. This case will be stayed pending resolution of the administrative process. *Lindemann*, 79 F.3d at 651 ("The decision whether to stay a proceeding is entirely within the district court's discretion . . . ."). If Nicodemus wishes to pursue equitable relief after exhausting his complaint, he is directed to amend his complaint to specify the relief that he seeks.

LINA's first motion to dismiss [13] is stricken. LINA first argued that the case was moot because it had paid Nicodemus all it owed him (*see generally* Def.'s Mem. of Law in Supp. of Mot. to Dismiss [14]), but abandoned that position with its second motion requesting remand. (Combined Reply and Mem. of Law in Supp. of Mot. to Dismiss for Failure to Exhaust [25], at 5 ("To the extent that plaintiff challenges LINA's calculation of his LTD benefit amount, that challenge should be dismissed and remanded to LINA . . . .").) Because the court granted remand on this issue, the first motion to dismiss [13] is moot and is accordingly stricken.

## **CONCLUSION**

For the reasons set forth above, Defendant's second Motion to Dismiss [23] is granted in part, and Defendant's first motion [13] is stricken. This matter is stayed pending resolution of administrative proceedings.

ENTER:

Dated: April 27, 2017

_____
REBECCA R. PALLMEYER
United States District Judge

5